IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISRAEL ROSAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 9781 |
| | ) | |
| PROGRESSIVE FINANCIAL SERVICES, INC. | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

This action, which seeks to invoke the Fair Debt Collection Practices Act ("Act") -- particularly its 15 U.S.C. § 1692e ("Section 1692e"), which states that "(a) debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" -- has been assigned to this Court's calendar via random assignment. This memorandum order is issued sua sponte because that broad prohibition does not extend to the conduct charged against defendant Progressive Financial Services, Inc. ("Progressive") in the Complaint that has been filed by counsel for plaintiff Israel Rosas ("Rosas").

This Court holds no brief for debt collectors who engage in oppressive or otherwise inappropriate practices in pursuing debtors who are "unsophisticated consumers." But that standard should not be misunderstood as extending the Act's reach to the village idiot -- on that score the opinion in Evory v. RJM Acquisitions Funding L.L.C., 505 F.3d 769, 774 (7th Cir. 2007) (citations omitted, emphasis in original) sets out the yardstick:

> The courts have ruled that the statute is intended for the protection of unsophisticated consumers (sophisticated consumers presumably do not need its protection), so that in deciding whether for example a representation made in a dunning letter is misleading the court asks whether a person of modest education and limited commercial savvy would be likely to be deceived. The standpoint is not that of the

least intelligent consumer in this nation of 300 million people, but that of the average consumer in the lowest quartile (or some other substantial bottom fraction) of consumer competence.

That generous standard for potential liability under Section 1692e does not provide a license to counsel for a putative plaintiff to overreach, as has been done in this instance. To be sure, Progressive's debt collection letter here[1] states that "neither this firm nor Progressive Financial Services, Inc. is under any obligation to renew this offer" of settlement at a discount, but that hiccup does not obscure the letter's plain message that the offer is open only until November 11, 2015. And it is truly an impermissible overreach to read the complained-of statement that if Rosas' payment of the discounted amount were not to be made within that time frame, "we will continue to pursue collection of the full balance due" as somehow threatening illegal activities, as Complaint ¶ 19 contends:

> The term "continue to pursue collection activities" without stating what those "activities" are gives the Plaintiff an impression that Defendant is planning on pursuing illegal activities or activities that it has no intention of pursuing.

In sum, the institution of this action by Rosas' counsel on the fanciful grounds he advances in the Complaint raises serious questions as to his conduct under Fed. R. Civ. P. 11(b)(1) and (2). Accordingly counsel is ordered to appear for a hearing at 8:45 a.m. November 9, 2015 to address the matters set out here.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 3, 2015

---

[1] No question is raised in Rosas' Complaint (1) as to the legitimacy of the $587.43 obligation that he incurred at Kohl's Department Store or (2) as to his nonpayment of that obligation or (3) as to the placement of the obligation with Progressive for collection.